```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CASIMIRO ORTIZ-FLORES,

                Petitioner,

vs.                                    Case No. 2:08-cv-347-FtM-33SPC

UNITED STATES OF AMERICA,

                Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's "Motion for Appeal Under Title 28 U.S.C. § 2255 Based on Illegal Sentence" (Doc. # 1), which was filed on April 28, 2008. Petitioner's motion appears to blur the line between appellate proceedings and habeas proceedings. This Court addresses Petitioner's request for appellate relief as well as Petitioner's request for relief under 28 U.S.C. § 2255. Under any possible interpretation of this pro se motion, however lenient, such motion fails.

**I.  Background**

This case was initiated on December 16, 2004, by a complaint alleging that Petitioner Casimiro Ortiz-Flores and Jose Luis Barajas "did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons unknown to possess with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Sections, 841(a)(1) and 841(b)(1)(B)(ii). All in violation of Title 21, United States Code, Section 846." (Criminal Doc. # 1).[1] An indictment containing the same allegations was filed on January 5, 2005. (Criminal Doc. # 21).

Petitioner Flores was arraigned on January 6, 2005, and he entered a plea of not guilty. (Criminal Doc. # 26). Subsequently, on June 22, 2005, Petitioner Flores entered a plea of guilty to the charge of the indictment pursuant to a written plea agreement, executed by Petitioner Flores on June 13, 2005 (Criminal Doc. ## 98, 103). The undersigned accepted Petitioner's plea of guilty on June 23, 2005. (Criminal Doc. # 104). On September 20, 2005, Petitioner was sentenced to sixty (60) months imprisonment, sixty (60) months of supervised release, a special assessment of $100 and a drug program. (Criminal Doc. # 122). Petitioner was subject to a five year (60 month) minimum mandatory sentence. Judgment reflecting the sentence was entered on September 20, 2005. (Criminal Doc. # 123). Petitioner did not file a direct appeal.

Thereafter, on March 27, 2008, Petitioner filed his pro se "Motion for Sentence Adjustment" (Criminal Doc. # 135). In the motion, Petitioner argued, among other things, that "he is entitled to . . . 6 points reduction of sentence" due to an erroneous sentence guidelines computation. (Doc. # 135 at 3). This Court

---

[1] All references to the Criminal Docket are to case number 2:05-cr-1-FtM-33SPC.

denied the motion for a sentence reduction on April 20, 2008. (Doc. # 138). Petitioner's present pro se motion was filed on April 28, 2008. (Doc. # 1).

## II. Discussion

### A. Appellate Proceedings

Petitioner's present motion states in full:

> In the above styled cause, Now comes the Petitioner, CASIMIRO ORTIZ-FLORES, And request a direct appeal under 28 U.S.C. § 2255. Therefore, The Petitioner respectfully request this honorable Court to conseder this request for appeal and grant any other relief just and proper. [The] reasons for filing this appeal is:
> (1) Inaccurate information in the PSI report.
> (2) Illegal sentence.
> (3) Ineffective assistance of counsel.
> (4) Counsel's failure to investigate or call witnesses.
> (5) Error in the guidelines calculation.

(Doc. # 1)

To the extent Petitioner is appealing his 2005 judgment of conviction and/or sentence, such appeal is clearly untimely. See Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a Defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed."). To the extent that Petitioner is appealing this Court's April 20, 2008, Order denying his motion for a sentence reduction (Criminal Doc. ## 135, 138), Petitioner's motion is timely under Fed. R. App. P. 4(b)(1)(A)(i). However, upon review of the motion, this Court finds that such request is not made in good faith. Pursuant to Fed. R. App. P. 24(a)(3), "[a] party who

was permitted to proceed in forma pauperis in the district-court action, . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. . . ."

In this case, Petitioner provides no valid reasons or arguments in support of his appeal. Upon review of this matter, the Court finds that the appeal is not taken in good faith, and certifies that the appeal is not in good faith. As a result, Petitioner shall not be permitted to proceed in forma pauperis in this appeal.

**B.   28 U.S.C. § 2255**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due

diligence.  28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final.  Because the Petitioner in this case did not file a direct appeal, his conviction became final ten (10) business days after September 20, 2005, the date the judgment of conviction (Criminal Doc. # 123) was entered in this case. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999)(when a defendant does not pursue direct appeal, a conviction becomes final when the time for filing a direct appeal expires).  After the judgment became final, Petitioner had one year to file his § 2255 motion.  Id. at 1340. The present motion is clearly not filed within this limited time frame.  It was filed well over two years after the judgment was entered in this case.  To the extent the present motion seeks relief under 28 U.S.C. § 2255, such motion is denied as time-barred.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED**:

(1) To the extent Petitioner's Motion seeks appellate relief, the Court certifies, pursuant to Fed. R. App. P. 24(a)(4), that this appeal is not taken in good faith.

(2) Petitioner is not entitled to proceed in forma pauperis and is assessed the $455.00 filing fee in this matter.

(3) To the extent Petitioner's Motion seeks relief under 28 U.S.C. § 2255 (Doc. # 1), such motion is **DENIED as time-barred**.

(4) The Clerk of Court shall immediately forward a copy of this Order to Petitioner and the Clerk for the United States Court of Appeals for the Eleventh Circuit.

(5) The Clerk is directed to close case number 2:08-cv-347-FtM-33SPC, and to enter judgment in 2:08-cv-347-FtM-33SPC accordingly.

(6) The Clerk is directed to file this Order in Case Number 2:05-cr-1-FtM-33SPC.

**DONE** and **ORDERED** in Fort Myers, Florida, this 2nd day of May, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner
AUSA

-6-